UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**PJANPS, LLC,**
*A Michigan Limited Liability Company*

    Defendant.

Case No. 2:25-cv-13472
Hon.

---

**COMPLAINT TO QUIET TITLE AND FOR EQUITABLE RELIEF**

---

**COMES NOW** Plaintiff, the United States of America, by and through undersigned counsel, and for its cause of action against Defendant, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court possesses jurisdiction over this matter under *28 U.S.C. § 1345* and *Article III, Section I* of the United States Constitution because it is a controversy to which the United States is a party.

2. Venue is property under *28 U.S.C. § 1395(b)(1)* because the Defendant is Michigan LLC that maintains its principal place of business in this district and

because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant, PJANPS, LLC is a Michigan limited liability corporation which maintains a registered office of 550 West Merrill St., Suite 100, Birmingham, MI 48009 as of February 12, 2019, and its managing member is Mary Jankowski, who resides at 695 Lake Shore Rd, Grosse Pointe Shores, MI.

## GENERAL ALLEGATIONS

5. This case is related to the criminal proceeding of David Jankowski in the case of 2:17-cr-20401-1.

6. Prior to indictment, David Jankowski acquired an interest in certain real property commonly known as 301 N. Shore Drive, South Haven, MI (the "Subject Property"), which is legally described as:

> Lots 29 and 30, Napier's Addition to the Village, (now City) of South Haven, according to the amended recorded plat thereof being a part of the South half of the North fractional half of Section 3, Town 1 South, Range 17 West, according to the Government Survey thereof.
>
> Also, commencing at the Northeasterly corner of Lot 29, Block 1, Dyckman and Woodman's Addition to the Village (now City) of South Haven, according to the recorded plat thereof, thence Southerly on the Easterly line of said Lot, 47 links; thence Westerly at right angles at said

> street to the North line of said Lot 1; thence Easterly on same to beginning, being a part of the Southwest fraction of Section 3, Town 1 South, Range 17 West, according to the Government Survey thereof.
>
> Parcel ID # 80-53-831-029-00

7. On June 7, 2017, an indictment was issued in the Eastern District of Michigan case of *United States v. Jankowski et. al.,* Case No. 2:17-cr-20401, in which David Jankowski was charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances under *21 U.S.C §§ 841(a)(1)*, *846,* six counts of Unlawful Distribution of Controlled Substances under *21 U.S.C. §§ 841(a)(1),* and six counts of Health Care Fraud under *18 U.S.C. § 1347. Id.,* at *ECF No. 1*.

8. Pursuant to a second superseding indictment issued on September 24, 2019, David Jankowski was charged with an additional thirty counts of Unlawful Distribution of Controlled Substances under *21 U.S.C. § 841(a)(1)* and an additional thirteen counts of Health Care Fraud under *18 U.S.C. § 1347. Id.,* at *ECF No. 69*.

9. On July 11, 2022, David Jankowski was ultimately found guilty by the jury of 30 of 32 counts. *Id.* at *ECF No. 178*.

10. A judgment was entered against David Jankowski on April 27, 2023 sentencing him to 240 months of incarceration, and ordering him to pay a

special assessment of $3,000.00 as well as criminal restitution of $5,200,000. *Id.*, at *ECF No. 253*.

11. Upon pronouncement of this sentence, liens arose against all property rights belonging to David Jankowski under *18 U.S.C. §3613*; this lien was perfected by recording a notice of lien with the Van Buren County Register of Deeds on May 1, 2023. *Exhibit A- May 1, 2023 Notice of Lien*.

12. On May 31, 2024, the United States brought a complaint for foreclosure of its lien on the Subject Property. *See United States of America v. Jankowski et. al.,* Case No. 5:24cv11439.

13. Following oral argument, on July 28, 2025, the Court granted the United States motion for summary judgment in Case No. 5:24cv11439, thereby authorizing the United States to foreclose on its lien and sell the Subject Property. *Id.*, at *ECF No. 34*.

14. The Court's Order for Sale of Real Property Located at 301 North Shore Drive, South Haven, Michigan (*Id.*, at *ECF No. 62*) as entered on September 22, 2025, set forth procedures for the United States to sell the Subject Property with assistance from the United States Marshal's Service, and required proceeds to be paid in the following order:

   a. "First, to the payment of all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Property for sale,

   including the United States' prior seizure and related maintenance and repairs of the Property from July 19, 2017, to July 31, 2023;

  b. Second, to the payment of all expenses incurred in the sale of the Property, which may include commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

  c. Third, to the payment of any real property taxes assessed against the Property;

  d. Fourth, to the payment of any expenses customarily paid by the seller in the sale of assets of that type (e.g. for real property: utilities, etc.); and

  e. Fifth, to the payment of any liens attached to and secured by the asset in the order of priority as identified by the title report". *Id*., at PageID. 370-371.

15. In arranging for the sale of the Subject Property, the United States obtained a title report which indicated that for the United States to convey title, it would need to address a mortgage on the Subject Property by David Jankowski and his ex-wife, Wendy Jankowski in the amount of $500,000.00 to National City Bank on or about November 30, 2006, and the subsequent assignment of this mortgage to PJANPS, LLC recorded on May 22, 2017.

16. On October 15, 2025, the United States confirmed representation of Mary Jankowski in her capacity as a member of PJANPS, LLC and requested a payoff of the purported mortgage within 7 business days (by October 24, 2025) in accordance with *Mich. Comp. Laws § 445.1633* and *12 C.F.R. § 1026(c)(3)*.

17. PJANPS, LLC has failed to provide a payoff within 7 days and as such has created a cloud on the Subject Property's title which has prompted the instant quiet title action.

## **TITLE HISTORY**

18. On or about August 6, 2004, a warranty deed for the Subject Property was apparently executed conveying the Subject Property from grantor 301 North Short Drive Partnership to the grantees Davis Jankowski and his then-wife Wendy Jankowski for the sum of $990,000.00; the deed was recorded on or about August 30, 2004 at the Van Buren County (MI) register of deeds. *See Exhibit B-August 6, 2004 Warranty Deed*.

19. On or about November 30, 2006, a future advance mortgage by mortgagor's David Jankowski and Wendy Jankowski to mortgagee National City Bank was apparently executed; this mortgage was recorded on about January 18, 2007 at the Van Buren County (MI) register of deeds. *See Exhibit C-November 30, 2007 Future Advance Mortgage*.

20. On or about February 25, 2009, a quit claim deed was apparently executed whereby grantor Wendy S. Jankowski transferred her interest to grantee David Jankowski for consideration of $1.00; this quit claim deed was recorded on or about September 23, 2009 with the Van Buren County (MI) register of deeds. *Exhibit D*-February 25 2009 Quitclaim Deed.

21. On or about May 8, 2017, a document titled assignment of mortgage was apparently executed indicating that assignor PNC Bank, NA (as successor to National City Bank) assigned its future advance mortgage (*See ¶ 19*, above) to assignee PJANPS, LLC; this assignment was later recorded at the Van Buren County (MI) register of deeds on or about May 22, 2017. *Exhibit E-May 8, 2017 Assignment of Mortgage*.

## **COUNT I – QUIET TITLE UNDER MICH. COMP. LAWS § 600.2932**

22. The allegations of paragraphs one (1) through twenty-one (21) are incorporated by reference.

23. Plaintiff claims title to the Subject Property free and clear of any mortgage, lien, or encumbrance not proven to be valid.

24. To the extent that Defendant is not able to establish proof of its interest in this proceeding, the Court should declare the Defendant's claimed mortgage or lien invalid or unenforceable and order the appropriate removal from the public record.

## COUNT II –DECLARATORY RELIEF

25. The allegations of paragraphs one (1) through twenty-four (24) are incorporated by reference.

26. Plaintiff requests that the Court issue a declaratory judgment confirming:

    a. Defendant must provide full proof or authority to enforce any claimed interest in the property; and

    b. Any claimed interest not verified is invalid and voided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Plaintiff holds clear title to the Subject Property with regards to any claimed interest by the Defendant;

2. Quiet title against any unverified mortgage, lien, or encumbrance claimed by Defendant;

3. Order Defendant to provide proof of interest, including a full accounting of the payoff amount with proof of any amounts so advanced, the original note, assignments, endorsements, and any agreements establishing authority;

4. Enjoin Defendant from enforcing or collecting any unverified interest;

5. Award Plaintiff reasonable attorney's fees and costs; and

6. Grant to the United States any other relief circumstances may require, as the Court deems just and proper.

        Respectfully submitted,

        JEROME F. GORGON, JR.
        United States Attorney

By:    */s/Peter F. Schneider*
        Peter F. Schneider
        Assistant U.S. Attorney
        211 W. Fort St., Ste. 2001
        Detroit, Michigan 48226
        Phone: (313) 226-9100
        peter.schneider@usdoj.gov
        MI Bar Number: P75256